IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PROGRESSIVE COUNTY MUTUAL INSURANCE CO., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CASE NO.: 3:19-cv-316-ECM (WO) |
| JASON FETTY and CARL MORGAN, | ) ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiff Progressive County Mutual Insurance Co.'s ("Progressive") Motion for Default Judgment against Defendants Jason Fetty and Carl Morgan (doc. 17), filed on October 8, 2019. Progressive filed a Complaint for Declaratory Judgment against Fetty and Morgan on May 2, 2019, to seek a determination of its rights and obligations under a liability insurance policy issued by Progressive to Fetty. (Doc. 1). Fetty and Morgan both failed to answer or otherwise respond to the Complaint and the clerk entered a default against both Defendants on September 30, 2019. (Doc. 14).

Fetty and Morgan have likewise failed to respond to Progressive's Motion within the time prescribed in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 27(a)(3)(A). For the reasons discussed below, Progressive's Motion is due to be GRANTED.

I. **JURISDICTION AND VENUE**

The jurisdiction of this Court is properly invoked pursuant to 28 U.S.C § 1332 and the *Declaratory Judgment Act,* 28 U.S.C. § 2201. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2).

1

## II. LEGAL STANDARD

In the Eleventh Circuit there is a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.,* 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, it is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985).

Rule 55 of the Federal Rules of Civil Procedure provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a). Although modern courts do not favor default judgments, they are appropriate when the adversary process has been halted because of an unresponsive party. *Flynn v. Angelucci Bros. & Sons, Inc.,* 448 F. Supp. 2d 193, 195 (D.D.C. 2006) (citation omitted). Where, as here, a defendant has failed to respond to or otherwise acknowledge the pendency of a lawsuit against him months after being served, entry of default judgment may be appropriate.

The law is clear, however, that a defendant's failure to appear and the Clerk's subsequent entry of default against him do not automatically entitle the plaintiff to a default judgment. A default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.,* 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004); *see also Descent v. Kolitsidas,* 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("The defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if

the complaint states a claim for relief"); *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("A default judgment cannot stand on a complaint that fails to state a claim.").

"The allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered." *De Lotta v. Dezenzo's Italian Rest., Inc.,* 2009 WL 4349806 at *2 (M.D. Fla. 2009) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir. 2009)). In deciding whether the allegations in the complaint are well pleaded, the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotations omitted). Instead, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

## III. DISCUSSION

Progressive brought suit against Fetty and Morgan seeking a judgment declaring that it has no duty to defend or indemnify Fetty against a civil suit arising from an automobile collision between Fetty and Morgan.[1] Specifically, Progressive asserts that Fetty has failed to cooperate in his defense in the underlying civil suit, a condition precedent to insurance coverage under his policy.

---

[1] As a tort claimant in the underlying action, Morgan is an indispensable party in this declaratory judgment action. *See Lexington Ins. Co. v. Moore Stephens Tiller, LLC,* 2016 WL 9453996 (N.D. Ga. 2016) (citing *Ranger Ins. Co. v. United Housing of N.M., Inc.,* 488 F.2d 682 (5th Cir. 1974)).

**A. The Insurance Policy**

On December 18, 2019, Progressive filed with this Court the relevant portions of the insurance policy issued by Progressive to Fetty. (Doc. 19). The applicable portion of the policy, Part VI, covers the insured's "Duties in Case of an Accident or Loss." Specifically, Part VI requires a person seeking coverage after an accident to . . .

1. "cooperate with [Progressive] in any matter concerning a claim or lawsuit";

. . .

3. "allow [Progressive] to take signed and recorded statements, including sworn statements and examinations under oath . . . ";
4. "promptly . . . notify [Progressive] about any claim or lawsuit and send [Progressive] any and all legal papers relating to the claim or suit";
5. "attend hearings and trials as [Progressive] require[s]"; and

. . .

9. "authorize [Progressive] to obtain medical and other records reasonably related to the injury or damage asserted."

(Doc. 19, Part VI, ¶¶ 1, 3, 4, 5 and 9).

**B. The Underlying Lawsuit**

The underlying case concerns a motor vehicle accident that occurred in Macon County, Alabama in April 2013. Carl Morgan, an Alabama resident, sued Jason Fetty, a citizen of Texas, alleging Fetty's negligence and wantonness caused injury to Morgan. That lawsuit is before the United States District Court for the Middle District of Alabama based on diversity jurisdiction. (Docket No. 3:17-cv-131-SRW). Progressive alleges that Fetty has refused altogether to cooperate in his defense in that underlying lawsuit. The underlying lawsuit is currently stayed pending a resolution of the instant case.

**C. Analysis**

Progressive seeks a default judgment under Rule 55(b) against Fetty and Morgan declaring that it has no duty to defend or indemnify Fetty in the underlying litigation pursuant to the insurance policy issued by Progressive to Fetty. (Doc. 13).

The Court finds that entry of a default judgment in favor of Progressive and against Morgan and Fetty is appropriate under Rule 55(b). Morgan was served with Progressive's Complaint by certified mail, return receipt requested, on May 9, 2019 (doc. 5), and Fetty was served by personal service on August 24, 2019 (doc. 12). The Federal Rules of Civil Procedure require a defendant to serve an answer or responsive pleading within "21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Over eight months have elapsed since the date on which Morgan was served, and almost five months have elapsed since the date on which Fetty was served. Both Defendants have failed to answer or otherwise respond to Progressive's Complaint within the required time period.

Accepting the allegations made in the Progressive's Complaint as true for purposes of this analysis, Fetty's failure to participate in the underlying lawsuit against him violates the terms of his insurance policy. In order to be covered in the event of an accident or loss, the policy requires Fetty to cooperate with Progressive concerning any lawsuits, allow Progressive to take signed and recorded statements, and attend hearings and trials, among other duties. Progressive alleges—and by failing to respond, Fetty admits as true—that Fetty has failed to participate in any way in the underlying litigation.[2] Progressive's

---

[2] By failing to respond, Morgan makes these admissions as well.

Complaint does not contain mere "labels and conclusions" nor does it only provide a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the Complaint directs the Court to consider provisions within the insurance policy, which unambiguously require Fetty to participate in the underlying action against him. Because the policy charges Fetty with various obligations in the event of an accident, and because Fetty has failed to carry out those obligations, Progressive is entitled to relief in the form of a judgment declaring it has no duty to defend or indemnify Fetty in the underlying lawsuit at issue.

## IV. CONCLUSION

Progressive's Complaint does not seek money damages, but rather seeks a declaratory judgment. Because damages are not sought, an evidentiary hearing is unnecessary and the court may adjudicate the matter of default "upon request of the plaintiff . . . ." Fed. R. Civ. P. 55(b)(1). Progressive is entitled to default judgment against Carl Morgan and Jason Fetty on its Complaint for a declaratory judgment that it has no duty to defend and indemnify Jason Fetty in the underlying litigation. (Docket No. 3:17-cv-131-SRW). Accordingly, it is

ORDERED that Progressive's Motion for Entry of Declaratory Judgment by Default (doc.17) is GRANTED. A judgment will be entered in accordance with this opinion.

DONE this 17th day of January, 2020.

       /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE